**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN NEVAREZ-MENDOZA, | No. 09-72361 |
| Petitioner, | Agency No. A097-718-810 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2013
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.**

Martin Nevarez-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his motion to reopen deportation

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

proceedings conducted in absentia. We review the denial of a motion to reopen for abuse of discretion. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013). We dismiss in part and deny in part the petition for review.

Nevarez-Mendoza argues for the first time in his petition for review that the BIA erred in concluding that notice of the June 14, 2007 hearing was proper because he did not receive notice of the hearing by mail, the BIA erred in applying a presumption of delivery, and notice of the June 14, 2007 hearing contained an error. We lack jurisdiction to review a new argument raised in the opening brief of a petitioner's appeal that was not first raised before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) "mandates exhaustion and therefore generally bars [the court], for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below"). Nevarez-Mendoza argued before the BIA that notice of the June 14, 2007 hearing was improper because it was not personally served upon him, and the BIA's order addressed this argument by stating only that personal service was not required. This does not meet our "minimum requirement[]" that Nevarez-Mendoza put the relevant issue "before the BIA such that it had the opportunity to correct its error." *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (quoting *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008)).

2

Thus, we dismiss Nevarez-Mendoza's petition with regard to these arguments for lack of jurisdiction.

The only remaining issue for review is whether the BIA abused its discretion in concluding that notice was proper because personal service is not required for proper notice of a hearing. The BIA correctly stated that personal service is not required for notice of a hearing under the relevant statute. *See* 8 U.S.C. § 1229a(b)(5)(A) (referencing notice as required under § 1229(a)(1) for a notice to appear, which states that written notice "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)"). It was not an abuse of discretion to affirm the immigration judge's denial of Nevarez-Mendoza's motion to reopen on this ground.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**